## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOHN M. HARTY,

       Plaintiff,

v.                                                                  No. 1:20-cv-00319-WJ-KK

JOHN DOE,

       Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's failure to timely file an amended complaint.

Plaintiff, who is proceeding pro se and is a registered sex offender, gave the Bernalillo County Sheriff's Office Sex Offender Registry Unit a "30 day notice of moving out of the State of N.M. on April 3, 2020" pursuant to New Mexico law.  Complaint for Emergency Injunction and Temporary Restraining Order at 2-3, Doc. 1, filed April 9, 2020 ("Complaint").  Because of the "Covid-19 progression," Plaintiff was not able to move as planned and gave notice that Plaintiff would be remaining in New Mexico until May 3, 2020, when Plaintiff would be moving out of New Mexico.  Complaint at 3.  On April 6, 2020, Defendant, who is a detective with Bernalillo County Sheriff's Office, told Plaintiff that Plaintiff must provide Defendant with the exact address Plaintiff is moving to and threatened to arrest Plaintiff if Plaintiff leaves New Mexico without first providing Defendant with an exact address in Florida.  Complaint at 4.  Plaintiff seeks an injunction and temporary restraining order pursuant to Fed. R. Civ. P. 65 to prevent Defendant from arresting Plaintiff.  Complaint at 21.  Rule 65 states:

The court may issue a preliminary injunction only on notice to the adverse party.
….

The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(a)-(b).

The Court notified Plaintiff that the Complaint fails to state a claim under Rule 65 because it does not: (i) show that he has given notice to the adverse parties; (ii) include an affidavit or a verified complaint setting forth specific facts clearly showing that immediate and irreparable injury, loss, or damage will result to Plaintiff before the adverse parties can be heard in opposition; and (iii) certify in writing any efforts made to give notice to the adverse parties and the reasons why it should not be required.

The Court also explained that because Plaintiff has not identified Defendant, the Court cannot issue an injunction because the Court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). In addition, every order granting an injunction and every restraining order "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in [(A) or (B)]." Fed. R. Civ. P. 65(d)(2).

The Court granted Plaintiff leave to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. Plaintiff did not file an amended complaint by the April 24, 2020, deadline.

2

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**